FILED
SUPERIOR COURT
OF GUAM

2019 APR -9 AM 9: 19

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>FINATA FUTUK LUDWIG,<br><br>Defendant. | CRIMINAL CASE NO. CF0106-19<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on April 1, 2019, for hearing on Defendant Finata Futuk Ludwig's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Kristine Borja, and Assistant Attorney General Leonardo Rapadas was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on April 1, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On March 1, 2019, Defendant was indicted with the following charges: (1) First Degree Criminal Sexual Conduct (As a First Degree Felony) – 2 Counts; (2) Assault with Intent to Commit Criminal Sexual Conduct (As a Third Degree Felony); (3) Family Violence (As a Third Degree Felony); and (4) Strangulation (As a Third Degree Felony). (Indictment, Mar. 1, 2019).

These charges stem from allegations that on or about February 18, 2019 around 3 to 4 am, Defendant returned to his residence intoxicated, grabbed the victim by the hair and held her down to the floor, then sat on her chest and pulled her hair while strangling her with his right hand. (Decl. of Christine Santos Tenorio, Magistrate's Compl., Feb. 21, 2019). The victim was unable to breathe and became unconscious. *Id.* When she regained consciousness, Defendant was still pulling her hair and strangling her. *Id.* She struggled to turn sideways, and Defendant kicked her back. *Id.* Defendant then undressed the victim and sexually assaulted her, with the victim's minor children present in the room. *Id.*

On March 6, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $25,000 cash bail. *See* Commitment Order, Feb. 21, 2019. On March 14, 2019, Defendant filed an Addendum to Bail Motion Filed March 6, 2019, attaching a statement of the alleged victim, Miranta Masaiory. On March 20, 2019, the Government filed its Opposition to the Motion for Bail Redetermination.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the twenty-five thousand dollars ($25,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Mar. 6, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)     length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;

(iii) his/her family ties and relationships;

(iv) his/her reputation, character and mental and physical condition;

(v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi) his/her history relating to drug or alcohol abuse;

(vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) release of the person during working hours, but with the condition that he return to custody at specific times; or

(e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping

the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he does not have any criminal history, that the alleged victim expressed her desire for his release from jail, that she is not afraid of him, and that he is the sole breadwinner and needs to be able to work to provide for the family. *See generally*, Mot. Bail Redetermination, Mar. 6, 2019; Addendum to Bail Mot., Mar. 14, 2019). The Government opposes Defendant's release, arguing that Defendant has failed "to provide the Court any reasonable assurances to protect the safety and well-being of the community should he be released," and that "he will attend all of his hearings and not flee [this] jurisdiction." (Opp'n at 3, Mar. 20, 2019).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and whether Defendant will appear in court when required. The Court acknowledges the alleged victim's request for Defendant's release; however, it also recognizes the very serious nature of the offenses charged, along with the potential sentence Defendant would face, should he be convicted of the charges. Defendant is accused of multiple transgressions in one night, including strangling the alleged victim to the point that she lost consciousness and committing acts of sexual assault with minor children present. *See* Decl. of Christine Santos Tenorio, Magistrate's Compl., Feb. 21, 2019). According to the Declaration attached to the Magistrate's Complaint, Guam Police Department Officers who responded to the scene observed bruising to the alleged victim's face, scratches to her arm, and that she complained of pain to her head, neck, back, vagina, and anus. *Id.* Defendant faces up to two-life sentences for the two counts of First Degree Criminal Sexual Conduct (As a First Degree Felony). *See* 9 G.C.A. § 25.15(b). Such a lengthy potential sentence would give anyone so accused considerable incentive to avoid future court hearings in the matter.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community and

Defendant's ability to comply with Court orders. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for May 28, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to April 1, 2019, this _____APR 0 9 2019_____ .

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

AG, PDSC

Date 4/9/19   Time 10:04 m
✓ pm

Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

---

*People v. Ludwig*
Case No. CF0106-19
Decision and Order